IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC., et. al., <br><br> Plaintiffs, <br><br><br><br> vs. <br><br><br><br> ARBITRATION ALLIANCE INTERNATIONAL, LLC, et. al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER RESOLVING ALL PENDING MOTIONS <br><br><br><br><br><br> Case No. 2:04-CV-152 TS |

Before the Court are Plaintiff Countrywide Home Loans, Inc. and Plaintiff Stanford L. Kurland's (Plaintiffs) Motion for Entry of Permanent Injunction, Confirmation of Continuing Validity of Underlying Mortgage, and Entry of Judgment, Including by Default,[1] Defendant Ernell Noelani Kamalu's Motion to Dismiss for Lack of Prosecution,[2] and Motion to Strike,[3] and Defendant Darren Kehau Kamalu's Motion to Stay.[4]

---

[1] Docket No. 91.

[2] Docket No. 95.

[3] Docket No. 103.

[4] Docket No. 105.

1

Case 2:04-cv-00152-TS   Document 117   Filed 03/03/06   Page 2 of 8

As set forth below, the Court grants in part and denies in part Plaintiffs' Motion for Entry of Judgment, denies Plaintiffs' Motion for Permanent Injunction, and grants in part and denies in part Plaintiffs' Motion for Confirmation of Continuing Validity of Underlying Mortgage. The Court denies Defendant Ernell Noelani Kamalu's Motion to Dismiss for Lack of Prosecution. Finally, the Court finds moot Defendant Ernell Noelani Kamalu's Motion to Strike and Defendant Darren Kehau Kamalu's Motion to Stay.

The Court notes that Defendants Ernell Noelani Kamalu and Darren Kehau Kamalu (the Kamalu Defendants) are proceeding *pro se* in this matter.

## DISCUSSION

I. MOTION FOR ENTRY OF JUDGMENT, INCLUDING BY DEFAULT

Plaintiffs bring Motion for Entry of Judgment, Including by Default[5] against Defendants Arbitration Alliance International, LLC, Winston Shrout, Nickolas Wm. Bird, Rebecca Nelson, Ernell Noelani Kamalu and Darren Kehau Kamalu. The Court will address the request as pertaining to the Kamalu Defendants separately from the other referenced Defendants who failed to appear in this case.

A. Defendants Failing to Appear

The record before the Court reflects that Defendants Arbitration Alliance International, LLC, Winston Shrout, Nickolas Wm. Bird and Rebecca Nelson were duly served with process and have failed to appear, plead, or otherwise defend this matter, and the time to do so has passed. Additionally, the Court notes that the Clerk of the Court has issued a Certificate of

---

[5] Docket No. 91.

Default. Pursuant to Fed. R. Civ. P. 55(b)(2), the Court now grants Plaintiff's Motion for Entry of Judgment, Including by Default, against these Defendants and awards Plaintiffs the relief sought in their Complaint.

Because the Court grants judgment against Defendants Arbitration Alliance International, LLC, Winston Shrout, Nickolas Wm. Bird and Rebecca Nelson, the remaining analysis in this Order applies only to Plaintiffs and the Kamalu Defendants, the only remaining parties before the Court.

### B. Kamalu Defendants

Plaintiffs argue that all evidence relevant to its claims against the Kamalus is before the Court. In fact, Plaintiffs argue that this evidence was provided to the Court during the Court's consideration of the motions ruled upon by the Court's April 14, 2004 Memorandum Decision and Order.[6] The Kamalu Defendants dispute this assertion and ask the Court to deny Plaintiffs' Motion. In their individual motions, the Kamalu Defendants also attempt to grapple with Plaintiffs' assertion that no other evidence is relevant.

The Court notes that the parties confuse the issues before them. The Court finds that the root of the confusion, in large measure, grows out of the form of Plaintiffs' Motion, which is in some respects novel and in many respects awkward. Particularly in light of the fact that the Kamalu Defendants are proceeding *pro se*, the Court will insist that Plaintiffs attempt to resolve their case against Kamalu Defendants by grounding their motions (particularly those that are dispositive in nature) in those motions provided for by the *Federal Rules of Civil Procedure*.

---

[6] Docket No. 43.

Because Plaintiffs fail to provide sufficient reason to grant judgment based upon those rules, the Court will deny Plaintiffs' Motion for Entry of Judgment, Including for Default, as it pertains to the Kamalu Defendants. If Plaintiffs desire to dispose of claims or parties, they are encouraged to avail themselves of the normal procedural process of dispositive motions to attempt to do so.

    II.       MOTION FOR ENTRY OF PERMANENT INJUNCTION

Plaintiffs ask the Court to make permanent its preliminary injunction against the Kamalu Defendants.[7] The rationale stated by Plaintiffs relies on the strength of the Court's April 14, 2004 Memorandum Decision and Order[8] and the allegation that the Court had all the relevant information before it when it entered said Memorandum Decision and Order.

While the Court has no reason to believe that its April 14, 2004 Memorandum Decision and Order is in error, Plaintiffs have not provided the Court sufficient grounds for the Court to turn its preliminary injunction into a permanent injunction. Plaintiffs bear the burden of satisfying the *Federal Rules of Civil Procedure*. As Plaintiff's claims have not been dispositively resolved, the Court believes it is premature at this juncture to make permanent the preliminary injunction already in effect. Therefore, while the Court emphasizes that the preliminary injunction remains in full force and effect, the Court denies Plaintiffs' Motion for Entry for Permanent Injunction.

---

[7] Docket No. 91.

[8] Docket No. 43.

### III.     MOTION FOR CONFIRMATION OF CONTINUING VALIDITY OF UNDERLYING MORTGAGE

Plaintiffs also bring a Motion for Confirmation of Continuing Validity of Underlying Mortgage.[9] It is not entirely clear whether Plaintiffs ask the Court to reaffirm its prior orders, particularly its April 14, 2004 Memorandum Decision and Order, or whether they seek additional relief. Regardless, the Court has no reason to doubt the soundness of its prior orders, including its April 14, 2004 Memorandum Decision and Order. Additionally, with regards to the Motion for Confirmation of Continuing Validity of Underlying Mortgage, as noted, Plaintiffs have provided the Court no additional grounds to provide additional relief.

Therefore, the Court grants Plaintiffs Motion to the extent it seeks reaffirmation of the Court's prior orders and denies it to the extent it seeks additional relief beyond that already provided by the Court.

### IV.     MOTION TO DISMISS FOR LACK OF PROSECUTION

Defendant Ernell Noelani Kamalu brings a Motion to Dismiss for Lack of Prosecution. Her stated basis for bringing this Motion stems from two basic complaints: (1) the protracted nature of this litigation and (2) Plaintiffs' failure to provide their attention to this suit. While the Court agrees that this litigation has taken longer than what it considers optimal, the Court is unwilling to dismiss this litigation based on the lapse of time alone. As to Defendants' second general point, Plaintiffs argue and, indeed the record reflects, that at the time Defendant Ernell Noelani Kamalu brought her motion claiming Plaintiffs' silence, Plaintiffs had filed its Motion for Entry of Permanent Injunction, Confirmation of Continuing Validity of Underlying Mortgage,

---

[9] Docket No. 91.

and Entry of Judgment, Including by Default.  The Court assumes that Defendant Ernell Noelani Kamalu made an inadvertent oversight of this fact.

The Court finds no grounds to grant Defendant Ernell Noelani Kamalu's Motion to Dismiss for Lack of Prosecution.  Therefore, it will deny this Motion.

## V.    MOTION TO STRIKE

Defendant Ernell Noelani Kamalu also brings a Motion to Strike.  The crux of this Motion is that Plaintiffs created undue confusion by combining a reply brief and opposition brief into a single document.  In response to this Motion, Plaintiffs separated their responses to conform with the objections raised in Defendant Ernell Noelani Kamalu's Motion to Strike.

Due to Plaintiffs' response which provided separate memoranda for Defendant Ernell Noelani Kamalu, the Court finds this Motion to Strike moot.

## VI.   MOTION TO STAY

Defendant Darren Kehau Kamalu brings a Motion to Stay.  The Motion hinges on the argument that it would be unfair to grant Plaintiffs' Motion for Entry of Permanent Injunction, Confirmation of Continuing Validity of Underlying Mortgage, and Entry of Judgment, Including by Default until further discovery is conducted.

Because the Court has not granted any new relief against Defendant Darren Kehau Kamalu in its ruling on Plaintiff's Motion for Entry of Permanent Injunction, Confirmation of Continuing Validity of Underlying Mortgage, and Entry of Judgment, Including by Default, the Court finds this Motion moot.

However, the Court does find the rationale and request to provide orderly discovery and management of this case convincing. The Court will, by separate Order, direct the parties to confer and submit a scheduling order to that end.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Plaintiffs' Motion for Entry of Default (Docket No. 91) is GRANTED as to Defendants Arbitration Alliance International, LLC, Winston Shrout, Nickolas Wm. Bird and Rebecca Nelson and DENIED as to Defendants Ernell Noelani Kamalu and Darren Kehau Kamalu. It is further

ORDERED that Plaintiffs are awarded the relief sought in their Complaint against Defendants Arbitration Alliance International, LLC, Winston Shrout, Nickolas Wm. Bird and Rebecca Nelson. It is further

ORDERED that Plaintiffs' Motion for Entry of Permanent Injunction (Docket No. 91) is DENIED as to Defendant Ernell Noelani Kamalu and Darren Kehau Kamalu Ernell. It is further

ORDERED that Plaintiffs' Confirmation of Continuing Validity of Underlying Mortgage (Docket No. 91) is GRANTED to the extent that Plaintiffs ask the Court to reaffirm its prior judgments and DENIED to the extent Plaintiffs request additional relief. It is further

ORDERED that Defendant Ernell Noelani Kamalu's Motion to Dismiss for Lack of Prosecution (Docket No. 95) is DENIED. It is further

ORDERED that Defendant Ernell Noelani Kamalu's Motion to Strike (Docket No. 103) is MOOT. It is further

ORDERED that Defendant Darren Kehau Kamalu's Motion to Stay (Docket No. 105) is MOOT.  It is further

SO ORDERED.

DATED this 3rd day of March,  2006.

BY THE COURT:

_____
TED STEWART
United States District Judge